IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FORT SMITH DIVISION

ALLEN BISHOP                                                                    PLAINTIFF

V.                          CASE NO. 2:15-cv-02252-PKH

NANCY BRYANT and
JAMES BRUTON                                                              DEFENDANTS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This action was brought by Plaintiff, Allen Bishop, proceeding *pro se* and seeking *in forma pauperis* status. The case is before me by referral for a determination of whether *in forma pauperis* status should be granted to Plaintiff. For the reasons stated below, it is my recommendation that the Motion for Leave to Proceed *in forma pauperis* (Doc. 2) be denied and the case dismissed.

## I.  Background

On November 30, 2015, Plaintiff filed a Complaint for Enployment Discrimination in this Court. (Doc. 1) The Complaint is a pre-printed, fill-in-the-blank form, and it alleges that the action is brought pursuant to Title VII of the Civil Rights Act. (Doc. 1, ¶ 1) The named Defendants are Nancy Bryant and James Bruton, with an address of Ft. Smith Dialysis Center, 2201 Brooken Hill Drive. (Doc. 1, p. 1) Plaintiff placed "N/A" in the sections regarding filing charges against Defendants with the EEOC and as to the EEOC's disposition of his charges of employment discrimination. (Doc. 1, ¶¶ 2, 3) As to the nature of his claim, Plaintiff alleges that Defendants discriminated against him by "stopping his dialysis causing personal injury as well as causing emotional distress." (Doc. 1, ¶ 4) He alleges Defendants' conduct occurred on or about November, 2015, and that Defendants are still committing the acts against him. (Doc. 1, ¶¶ 5, 6) For relief,

Plaintiff requests that the Court "impose an injunction for the release of supplies," and for the Court to "grant relief for personal injuries and emotional stress." (Doc. 1, ¶ 7) He demands a jury trial. (Doc. 1, ¶ 8)

Contemporaneous with the filing of his Complaint, Plaintiff filed his Motion for Leave to Proceed in forma pauperis. (Doc. 2) In it, he states that he is not incarcerated, is not employed, and in the past 12 months has only received disability payments of $927.00 per month. He denies owning any property.

On December 4, 2015, Plaintiff filed an Amended Complaint. (Doc. 5) Plaintiff states he seeks leave to amend his case to include negligence, intentional infliction of emotional distress, and malpractice. (Doc. 5, p. 1) Plaintiff alleges that Dr. James Bruton intentionally caused Plaintiff kidney failure in order to obtain Plaintiff as a kidney dialysis patient. (Doc. 5, p. 1) He further alleges that he asked Dr. Bruton to refer him to the Kidney Transplant Center in Little Rock, Arkansas to be placed on the kidney transplant list, but that Dr. Bruton has not done so. (Doc. 5, p. 1) Plaintiff states that since he was "never referred and not good reason for not referring was giving," he stopped going to monthly meetings with Dr. Bruton. (Doc. 5, p. 1)

Plaintiff alleges that the second month of not going to meetings, Nancy Bryant stopped delivery of his dialysis supplies, and that his dialysis supplies are still being withheld. (Doc. 5, p. 1) He states, "[b]oth Defendants are well aware if Plaintiff does not do dialysis daily he dies." (Doc. 5, pp. 1-2) He seeks recovery of the sum of "$100,000 in punitive and compensatory damages as well as pain and suffering." (Doc. 5, p. 2) He also requests the appointment of counsel. (Doc. 5, p. 2)

## II.  Discussion

28 U.S.C. § 1915 governs applications for leave to proceed in forma pauperis. 28 U.S.C. §

1915(a)(1) provides:

> "... any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefore, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress."

To proceed in forma pauperis is a privilege and not a right. *Green v. Wyrick*, 428 F.Supp. 728, 731 (W.D. Mo. 1976). "A plaintiff, even though of small means, could reasonably be asked to some small degree to 'put his money where his mouth is,' it being all too easy to file suits ... if it costs nothing whatever to do so." *Id*. at 731-32.

The decision of whether to grant or deny in forma pauperis status under § 1915 "is within the sound discretion of the trial court." *Lee v. McDonald's Corp.*, 231 F.3d 456, 458 (8th Cir. 2000) (internal citation omitted).

Pursuant to 28 U.S.C. § 1915(e), the Court has the obligation to screen any proceeding in which the movant seeks to proceed in forma pauperis. 28 U.S.C. §§ 1915(e)(2)(B)(i-iii) provide that on review, the court "shall dismiss the case at any time if the court determines that ... the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief from a defendant who is immune from such relief."

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "In evaluating whether a pro se plaintiff has asserted sufficient

-3-

facts to state a claim, we hold 'a *pro se* complaint, however inartfully pleaded, . . . to less stringent standards than formal pleadings drafted by lawyers.'" *Jackson v. Nixon*, 747 F.3d 537, 541 (8th Cir. 2014) (*quoting Erickson v. Pardus*, 551 U.S. 89, 94 (2007)).

This case is subject to dismissal.

First, Plaintiff's original Complaint (Doc. 1) attempts to assert an employment discrimination claim against the Defendants under Title VII of the Civil Rights Act, but it is clear from the pleadings that no employment relationship ever existed between the parties. Instead, as Plaintiff's Amended Complaint alleges, a doctor/patient relationship existed. (Doc. 5, p. 1) Plaintiff seeks relief against Defendants because he alleges Dr. Bruton intentionally caused his kidney failure in order to obtain Plaintiff as a kidney dialysis patient, and that the Defendants then wrongfully stopped his kidney dialysis. There is plainly no basis for this Court's jurisdiction pursuant to 28 U.S.C. § 1331 for a federal question, i.e., a Title VII action, when no such federal question claim has been alleged.

Next, to the extent that Plaintiff's Complaint and Amended Complaint can be liberally construed to assert a civil rights action under 42 U.S.C. § 1983, there is no allegation that Defendants acted under color of State law. To state a claim for relief in an action brought under § 1983, a claimant must establish that he was deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law. *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 985, 143 L.Ed.2d 130 (1999). § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful. *Id.*; *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). There is no allegation here that Defendants, a physician and a dialysis clinic employee, were State officials or were otherwise acting under color of State law at the time of the alleged conduct.

Finally, Plaintiff's Amended Complaint sets forth purely State law claims of negligence, intentional infliction of emotional distress, and medical malpractice. No basis for this Court's jurisdiction is stated in terms of diversity of citizenship under 28 U.S.C. § 1332 as it appears from Plaintiff's Complaint that all parties are residents of the State of Arkansas.

As this Court does not have subject matter jurisdiction over this action, there is no basis for the Court to grant in forma pauperis status pursuant to 28 U.S.C. § 1915(e)(2)(B)(i, ii).

### III.  Conclusion

Accordingly, the undersigned recommends that Plaintiff's Motion for Leave to Proceed *in forma pauperis* be **DENIED**. In light of the recommended denial of this action, the undersigned also recommends denial of Plaintiff's request for appointment of counsel as moot.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 18th day of December, 2015.

/s/ *Mark E. Ford*
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE